I would like to start off with the jurisdiction issue. The government has argued that appellate statute specifically authorizes this Court to review a statute. And I don't dispute that this Court is a Court of limited jurisdiction and that it is limited by statute. However, I believe that Section 3742A1 gives this Court the authority to review the sentence in this case. In Booker, the Court stated that a Court of Appeals now has jurisdiction to review all sentences whether they are imposed within or outside of the guideline range. And that the Court is to review them for reasonableness in light of the sentencing factors enumerated in 3553A and the factors for imposing a sentence that are articulated by the Court in 3553C. Are you arguing effectively that under Booker the Court of Appeals now has jurisdiction to review every sentence because obviously in every case every defendant is going to say that the sentence was unreasonable, ergo it's a violation of law? Well, I think what Booker says is that if the sentence is unreasonable, it is an illegal sentence. And you would agree, I mean, your position is if that's so, whether or not the sentence is presumptively reasonable as being within the guidelines correctly calculated? Well, I don't believe that this Court has held that a guideline sentence is presumptively reasonable. Has not. But we could. Yes, ma'am. But at the current time, the Court has not held that. Therefore, if a defendant raises the reasonableness as an issue, then I think that the Court has to look at it in this present day under 3742A. And to do otherwise would basically be to inject a Sixth Amendment violation under the guidelines back into making the guidelines mandatory based on Booker. That's why we did this, ma'am. Well, that may be the practical effect, but that wouldn't be the legal effect, would it? Well, I think if the Court takes the position that a sentence within the guideline range is not reviewable because it's presumptively reasonable, then I think that interjects a Sixth Amendment issue. Because what that is theoretically doing is making the guidelines mandatory again. Okay. By not allowing the review for the reasonableness. If an unreasonable sentence is an illegal sentence, then the review should be available under 3742A.1 for an unlawful sentence. Well, let's assume that we do have jurisdiction since we have limited time. Could you address the issue of the unlawful delegation? And as a prelude to that, this is on a visitation, an unsupervised visitation? Yes, Your Honor. I believe that the government and I can agree that a court cannot delegate to a probation officer decisions that the court should have made. Could I step back and wonder, can you and the government agree that what the conversation between the three of you, the judge and the two of you, seemed to be about was whether or not Mr. Bowman could be in the presence of his child or grandchildren without supervision if the probation officer signed off rather than whether he could visit them at all? Your Honor, I believe that's where the government and I differ is in the interpretation of exactly what the court was ordering. I know what the written order says, but I cannot for the life of me parse the transcript and find out any suggestion that that was what was intended. I mean, the irony would be that he gets lesser right vis-à-vis his child and grandchild than he would as against strangers in the world, children of strangers. I don't want to call them strange children, but in other words, non-familial. But I take it the government and you haven't been able to get an accord on that. Your Honor, all that I can do is review the transcript and review the final. Well, that's fine. We all know that the transcript controls. So if there's a discrepancy between the two, what the judge orally says is the sentence. That's correct, Your Honor, and I would draw the court's attention to that. I assume you wouldn't be unhappy if this Court were to construe his oral statement as meaning unsupervised visits with his son and grandchild as long as after a consultation with a psychiatrist, the probation office comes back and advises that that's okay. Well, Your Honor, I think that's the issue. That's leaving it up to the probation office. That's a different point. We've got to first settle what the sentence was. So I'm saying you couldn't possibly object to that construction of the sentence, could you? Well, I believe that that's putting too much discretionary decision. No, no, no, no. It's a different question. My question is, we first got to decide what the judge did, and I am suggesting that the only rational way to read his oral sentence, which controls, is that there could be unsupervised contact with his son and his grandchild. Yes, Your Honor. That's what we would design. Okay. So you don't have a problem with that. Now we get to the delegation issue. Yes, ma'am. Okay. And why is it an unreasonable delegation? The judge said, unsupervised is fine with me as long as he's consulted with a psychiatrist who says okay, and so long as the probation office says okay, then I will make the decision as the judge that unsupervised is in fact a permanent condition. Well, Your Honor, I don't believe that's exactly what he said. It's my view that he is leaving up that determination to the probation officer alone, not that the probation officer is then going to go back to the court and give the court input so that the court can decide, but that the probation officer gets to make that decision without any input from the court. And I think that that is an illegal delegation. And I see that my time is up. Okay. Let me save the rest of it. Ms. Leffler. Ms. Leffler. May it please the Court, my name is Karen Leffler, and I am an assistant U.S. attorney in the District of Alaska. I'd like to address the two issues in the order that Ms. Hayden did. On the jurisdiction argument, I agree there's sort of three main points I want to make. One is, of course, that appellate jurisdiction is statutory only, and that 3742A is the statutory, is the statute that matters. And that I put in a 28J letter, the Morales case, which in footnote 1 rejected the idea that section 1291 could separately cover appellate jurisdiction. We've said both, but I mean, I guess I have a lot of difficulty with your argument if I understand it. Because a sentence that's unreasonable is in violation of law, yes? Well, I think that it is not, because the definition of unreasonable is kind of an odd definition. In Kennebrew, which is, you know, they said that the Booker case addressed standard of review, not jurisdiction. There's no recitation in Booker whatsoever to say appellate jurisdiction. But you're surely not going to take the position that something that's unreasonable is not in violation of law. I mean, is it perfectly okay for a court to impose an unreasonable sentence that's unreviewable? Well, I think you have to look at what's the definition of unreasonable, because if they're – I mean – Let's say it's abuse of discretion, viewing it most favorably to the government. Right. Isn't an abuse of – isn't something that's unreasonable by definition an abuse of discretion? I think that unreasonable and abuse of discretion – I mean, in different standards. But I think that you have to – here's where I think it comes out. A violation of law has to be some – something that the courts or statutes have defined as a violation of law. In other words, why is it unreasonable? Are you really taking – is the government really taking the position that a sentence that's unreasonable is not a violation of law? I have to – I'm not trying to evade your question, Your Honor. I'm trying to say what's the definition of unreasonable. Well, I wouldn't answer it either if I were you, because I think you can't possibly answer it yes. No, I can in the sense of this way. We have a whole series of cases that say that a court's decision not to downward depart is unreviewable. Sure, but that's not unreasonable. Well, it could be an abuse of discretion. It's a discretionary decision, but yet it's totally unreviewable. So what I'm saying is there could be totally unreviewable sentences. What's totally unreviewable after Booker? Discretionary decision not to downward depart on the guidelines. When the court says – You mean it's not reviewable under – for compliance or for consideration of the 3553A factors? Yes. One of the 3553A factors, of course, is that you have to look at the guidelines. And in the cases I cited in the 28J letter, the courts – there are courts post Booker that said when the district court said when I'm doing my guideline part of it, I am not – I understand my authority to downward depart and I'm not going to. And the courts have said that's still unreviewable. Now, could it be an unreasonable decision not to downward depart? It could be. But yet the courts say that's still unreviewable. Things that are totally within the court's jurisdiction, the district court's jurisdiction, are not reviewable. Now, I agree with the court. Do downward departures still exist, by the way? Excuse me? Do downward departures still exist? They do. Because let me give you a practical example. In a lot of our 5K1 motion cases, we say – we put a limit and say the court can't downward depart below half of the guideline sentence. And then the court decides whether – you know, where they're going from. They analyze the guideline first. Now, I don't want to say that there's no – you know, you could have some outrageous situation and not have something reviewable. Because the issue is, you know, do you have some standard of law? It's not hard to make a standard of law that's violated. In other words, if you have a situation – let's say there's no record in support of what the judge did. The judge gave a guideline sentence and totally refused to consider an issue. I think that's an error of law. And you would say it was unreasonable because the judge didn't do X and Y. But if the judge did everything procedurally that he was – that he was supposed to do and did – and I'd like to turn to the facts of this case. Because I think the facts of this case is where I'm talking. We have an allegation that says the court of appeals should simply re-weigh the arguments that were made in the district court. But there's no articulated error of law. Then I think it's unreviewable. And if it is not, then – No, it's just unreasonable. Yes, but the – if it wasn't reviewable before, why is – I don't mean to say why. It's not suddenly reviewable now. The court didn't in Booker, nor could it, have said I'm going to expand jurisdiction. We're going to rewrite the statute and we're going to say every single sentence is reviewable. If it wasn't before, it isn't now. The court's not empowered – and that's a long line of Supreme Court authorities – to expand its own jurisdiction. If there is a due process violation by having 3742A be one of limited jurisdiction, it's never been raised. Nobody's ever said that 3742A was unconstitutional because it granted limited appellate jurisdiction. Before 3742A, under – before the Sentencing Reform Act, there was almost no appellate review of sentencing as long as it was below the maximum. What do you do with the statement in Booker that says that under 3742A as well as B, which is appeals by the government, continues to provide for appeals from sentencing decisions irrespective of whether the trial judge's sentence is within or outside the guidelines range in the exercise of his discretionary power under 3553A? That's what it said. It said it continues to provide. So the way I read it is it continues. In other words – For appeals whether – irrespective of whether the trial judge's sentence is within or outside the guidelines. Well, there always were. So if his sentence is within the guidelines and your position is that is therefore reasonable, I take it that's your position. It is my position unless – Then what does that sentence mean? Okay. Unless there are, you know, there are sentences within the guidelines in which there could be errors of law. And let me discuss procedural errors of law. You could have a situation where let's say the defense wanted to put on evidence on an issue and the court wouldn't let them put it on. You got a guideline sentence, but there was an error of law in that case because the court did not provide the defendant the procedures that they were entitled to. There always were appeals in which the defendant got a guideline sentence but said this is appealable because there was an error of law. I wasn't given my procedural rights. I wasn't given my allocution. There's a set of cases on that. There are a number of, you know, that encompasses cases that are within the guidelines. Always was appealable under 3742A? Still is. But you still have to have an error of law. And the Supreme Court said continuing under 3742, they didn't say we now make every single sentence appealable. And when they talked about reasonableness, they were talking about a standard of review based on the history of judicial – the judicial history that had gone on. Because if on page 765, when they talked about it, this is on page 20 of my brief, I quoted, and in this instance, those factors in addition to the past two decades of appellate practice in cases involving departures imply a practical standard of review already familiar to appellate courts, review for unreasonableness. And standard of review in jurisdiction are two different things. I think they were talking about a standard of review. Okay. If it's okay, if we could shift over to the other issue that's before us. Do you read – do you really read the oral sentence in this case as prohibiting any contact between the defendant and his family children? No. It has to be supervised. It has to be supervised. And isn't the swing here – it's not what the written order says. It's not whether he gets any contact. No, no. It's the question of whether it is – he can have contact. Absolutely. If it's supervised. If it's supervised. Okay. And what the – what was delegated, if we're putting a label, a pejorative label on it, is whether or not in the case of his child and grandchild it can be unsupervised. Correct? Right. I think it's – I mean, I realize it went back and forth and it's unclear, but I think on page 28 of the transcript when Ms. Hayden tried to clarify him and saying, are you letting the decision go, are you letting him have supervised and probation decided, and Judge Beislein said, no, I'm saying no unsupervised contact with – unsupervised contact with any child under the age of whatever we picked. I think it was 16. But it could be unsupervised as to his son or grandchild if the probation officer after consultation with the psychiatrist says yes. Yeah. I think what he – And that was the final decision in the judge's term. Well, what he said was I won't modify it if they recommended it to me. So you can interpret the part where I think the interpretation goes back and forth. Where does he say he'll modify that? He said that the – if you'll turn to page 29, I'm sorry, of the – of the – it's on the transcript of the sentencing. Okay. And it says, I don't want to make that decision without having input from the counselors. He says, I don't want to make that decision without having input from the counselors who and from the probation officer who knows the matter best. And then the next time he speaks, he says, yes, and the thinking is that if he gets a job that we're – I'm sorry, we make that modification as well. I think that – and I don't think it actually matters. Well, I just want to make sure because of where the delegation argument stands because on the page before, he's saying, in other words, they make the final decision. So the condition proceeding is approval of the probation officer. Yes. And I think that it's – to be honest, I think you can interpret either way, whether he said I'll – But you interpret it as it will come back to the judge. It will come back to me and I promise I'll modify it or that he's letting the probation officer make that decision. But I think either way, under the Reardon decision, that the judge imposed the sentence, which was you can have no unsupervised contact. And I think you can delegate to the probation officer to lessen it. I think that the imposition, the restriction on freedom was imposed by the judge and then he can delegate to go down, just like sort of with the drug test. If he imposes it, the probation officer can put less. So I think that is a proper delegation and it doesn't matter which way. If the Court has – doesn't – It doesn't help us any because any condition of probation can be modified. Right. And so to argue, well, this is okay because it can be modified, that would make any condition okay because it can be modified. Now, would that help us any? No. I think that the – you can always – the probation officer can modify downward. You can delegate that. You cannot delegate to the probation officer the way Irene Stevens to impose a tougher sentence. What this Court, I think Judge Beislein, it wasn't clear to him, it seems to me or anybody, exactly which way he could do it. And he said, I'm imposing – here's the stringent standard. I'm imposing no unsupervised contact with children under 16, period. I am telling you that – I mean, we can interpret it two ways. Either if he goes through the sex offender treatment, which was recommended in the pre-sentence report, and probation says, I'm satisfied, they can do it on their own, or he was saying, you can come back to me and I will make it go down. And I think either answer of that is okay. Because one is a delegation, which I think is allowable under the law, and the other is the judge coming back and saying, okay, now I'm going to make it less, both of which I think are legal under the law. Did I answer your question, Your Honor? Yes, I think you did. Okay. Thank you. Unless the Court has anything further, thank you. You're welcome. Thank you, Ms. Lefler. Ms. Hayden. I would just like to touch briefly on the government's argument that this Court doesn't have jurisdiction, and that's akin to this Court not having jurisdiction to review a downward departure when the court, when the sentencing court has stated that they know they have the authority, but they decline to downwardly depart. I think if this Court goes back and looks at Morales, which is the court that, which is the case that basically decided that a court's discretion to downwardly depart is unreviewable, and the basis for that, what the court did was the court looked at the statute in Morales, and the court found that the statute didn't permit the authority for an appeal of refusal to grant a downward departure. And it didn't do that because it looked at the 1 through 4, all the factors that are in 3742, and found that although you might read the first and the second provisions of 3742, that because it would be superfluous and redundant to include a downward departure in those two provisions, that Congress didn't mean to include downward departures. Now, that's not the case that we have here after Booker. Clearly, an illegal sentence is reviewable. And Booker has said that if a sentence is unreasonable, then it's illegal. And that clearly falls under 3742A1. Okay. Anything else? All right. Thank you, counsel, both of you. Your argument in the matter just argued will be submitted. The Court will take a brief recess.
judges: Leavey, Rymer, Fisher